UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TONNY JASON BAUER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-549** |
| **PHILIP GATTUSO, ET AL.** | **SECTION "D" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

The plaintiff, Tonny Jason Bauer ("Bauer"), is an inmate housed in the Jefferson Parish Correctional Center ("JPCC") at the time of the filing of this *pro se* and *in forma pauperis*, complaint under 42 U.S.C. § 1983. While Bauer used the form for a §1983 claim challenging prison conditions, or government entities and employees for violation of his civil rights, the claims are primarily against several private persons.

This case does not center around Bauer's detention but the circumstances involving the loss of his paternal rights, drug convictions and loss of money at the hands of his sister, Sandy Zara Bauer, and his mother, Vickie Delise. In connection with these claims, he has named Attorney Philip Gattuso ("Gattuso"), Darrel Carbo[1] ("Darrel"), Theresa Carbo[2] ("Theresa"), Christian

---

1 Described as a member of the "Carbo Mafia Family"
2 *Id.*

Reine ("Reine"), Lester Hamlin DCFS[3], Craig Miller of DCFS, Katina Price of DCFS, Sandy Zara Bauer or Boudreaux[4] ("Sandy Zara"), Vickie Delise or Victorine Delise Bauer[5] (Vickie"), and Attorney David Motter[6] ("Motter") as Defendants.

Bauer alleges that his family members are manipulating officials in their state capacity to separate him, a self-described loving father from his daughter. He alleges that his family members stole from him and sold his home rendering him homeless.

Specifically, Bauer alleges that he was married to Carla Bauer in 2010 and was given a house as a wedding gift by his grandmother. He alleges that he and his wife lived in the house for many years and that she struggled with addiction most of her life. He alleges that after he realized that he could not stop her from taking the drugs, that he asked her to simply take her drugs at home, which would allow him to try and save her if she overdosed. He alleges that after numerous commitments to hospitals and rehabs, his wife died of an overdose in 2015.

After losing his wife, Bauer alleges that he lived with constant grief and fell into a state of depression. Thereafter, Bauer contends that during the successions of the estate of his father-in-law, Gary Courtney, and grandmother-in-law, Louis Pugeau Courtney, the lawyer handling the case, Philip Gattuso, sold his home without speaking to him or bringing it to his attention. Bauer alleges that he has witnesses who saw Theresa and Reine removing Bauer's and his wife's belongings from the home.

He alleges that Theresa still has many of his possessions including his wife's ashes, which she refuses to give to him. Bauer contends that Judge Kovach was told during one of the succession hearings that Bauer killed his wife which he alleges is one of the reasons why he lost his home.

---

3 "DCFS" means Department of Child and Family Services.
4 Zara is Bauer's sister.
5 Bauer's mother.
6 Motto is an attorney who was retained by his sister, Sandy Zara Bauer, to represent plaintiff, Tonny Bauer.

He alleges that in 2014, the year before his wife died of an overdose, he was convicted allegedly of "her heroin." He alleges that he did not want to tell on his wife because she needed help that the jail could not provide. He alleges thereafter he was charged with burglary of his grandmother in laws home which he disputes.

Bauer admits that on Christmas day he went to the home of Carbos and broke a camera. He alleges that Theresa's father had molested Bauer's daughter and was now living in the same home with him. He alleges that DCFS brought charges against him for sleeping in his car with his daughter after losing his home at the behest of the Carbos. He alleges that he slept in the car on that occasion because he could not rent a hotel room since he did not have a debit or credit card.

Due to exhaustion, he could not drive around anymore and decided to catch a nap in the car. After doing so, Bauer alleges that he was awakened by his sister, then placed in an ambulance and taken to the hospital. He alleges that at the hospital his mother arrive and took thousands of dollars from him claiming that he owed her. He alleges that his mom and sister felt that if they could get him out of the way they could gain custody of his daughter and the money that was available to her. He alleges that his sister Sandy Zara and her boyfriend tried to get custody of his daughter, in exchange for money.

Bauer alleges that in August 2005, he and his girlfriend were charged with possession of his sister's drugs and a gun. Thereafter, Hurricane Katrina hit, and he was shipped upstate while pre-trial, and his sister promised him that she would sign an affidavit stating, "the truth."

Instead, Bauer alleges that his sister hired attorney Motter, who "scapegoated" him resulting in Bauer receiving a ten year sentence. He further alleges that Motter was not disbarred as a result. Additionally, Bauer claim that he lost his first love, Toria Smith, and never met his son

Nico. Bauer contends that at the time he went to jail, Toria was 20 years old. He proceeds to explain how he might have ended up likely marrying Toria and would like to make up for the lost time.

Bauer alleges that he is bringing all of this to the Court's attention to show the vast amount of pain and suffering that he has endured because of his sister Sandy Zara. He contends that Sandy Zara has never been in trouble for any of her actions. He alleges that Sandy is a CI and gets "paid so much" for each person she "sets up." He also alleges that as for Lester Hamlin, Craig Miller, and Katina Price with DCFS, he told them that he was being "blackmailed and extorted," and did not trust his mother or sister, yet they gave his new address to them. He complains that he is in jail, has been subjected to theft, and forbidden from speaking to his daughter because of "lies and greed."

Bauer seeks to have his 2005, 2007, and 2014 convictions for possession of heroin reversed and expunged. He alleges that he agreed to rehabilitation, but instead spent two years in prison and therefore seeks $150,000 in compensation. He further seeks $300,000 in compensation for the years he has spent in prison, and restored custody rights of his daughter. He also seeks restraining orders against Theresa, Darrel, Reine, Vickie, Sandy Zara, and another $250,000 in compensation for the loss of his home. Additionally, he seeks a DNA test to confirm that he is Nico's father, and visitation rights to see Nico.

**II.     Standard of Review for Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte*

dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. <u>Analysis</u>

#### A. Not State Actors

Bauer seeks to assert claims of theft against Theresa and Darrel Carbo from "illegally selling his home" which he inherited from his grandparents, and removing his daughter from his mother, Vickie Delise's custody. Additionally, Bauer claims that Theresa and Reine removed his personal items, which included furniture, antiques, clothing, and collector baseball cards.

He also seeks to assert a claim against Philip Gattuso, an attorney representing Theresa, and effectuating the sale of his family home which caused him to be homeless and living in a car with his daughter. He seeks to also sue his sister Sandy Zara, and the former lawyer David Motter, that his sister retained to set him up to take "the rap" for her possession of drugs.

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995).

"Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law." *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 98 S. Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). [T]he defendant need not be an officer of the state to satisfy this requirement; private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. Alleging a conspiracy between private and public actors satisfies this requirement." *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir.1992) (citations omitted).

Private attorneys are not official state actors and, generally cannot be sued under § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996). Even when appointed by the court, private attorneys are not official state actors, and are generally, not subject to suit under § 1983 for independent judgments and actions taken during the course of representing a defendant. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir.1988). However, "private attorneys who have conspired with state officials may be held liable under section 1983." *McGhee v. Bradshaw*, 127 F.3d 33, at *1 (5th Cir. 1997).

To successfully allege such a conspiracy, the plaintiff "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual deprivation of constitutional rights." *Smith v. Grodner,* 2020 WL 3067270 (M.D. La. 2020). The allegation of conspiracy between private and state actors requires more than conclusory statements. *Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). "Allegations that are merely conclusory,

6

without reference to specific facts, will not suffice." Smith has failed to provide any factual allegations from which this Court could plausibly glean an allegation of conspiracy sufficient to render Grodner a state actor.

However, "for a party to be subject to suit under section 1983, the asserted deprivation of rights must stem from conduct fairly attributable to the state." *Davis Oil Co. v. Mills*, 873 F.2d 774, 779 (5th Cir.1989). Actions of a private party may be attributed to the state if two conditions are met:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible ....

> Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

### 1. Attorney Philip Gattuso and Attorney David Motter

First, Bauer seeks to assert a claim against Philip Gattuso, for representing Theresa Carbo. According to Bauer, Gattuso represented Theresa in effectuating the sale of the home that he inherited from his grandparents. As a result, Bauer alleges that Gattuso's actions caused him to be homeless and living in a car with his daughter. Further, Bauer seeks to assert a claim against Attorney David Motter, the former lawyer that his sister Sandy Zara retained. Bauer contends that Sandy Zara's retention of Motter was to set up Bauer to take "the rap" for possession of her drugs. Both Attorney Gattuso and Attorney Motter are deemed private attorneys.

Therefore, as explained in *Hudson*, private attorneys are not official state actors and, generally cannot be sued under § 1983. *See Hudson*, 98 F.3d at *868. Moreover, there are no facts present indicating that Attorney Gattuso or Motter conspired with any state officials, thus exposing them to liability under § 1983. *See McGhee*, 127 F.3d 33, at *1. The claims against Attorney Philip Gattuso and Attorney David Motter should be dismissed because they are private attorneys within

the meaning of § 1983, and there are no facts present indicating any conspiracy with state officials, thus exposing them to liability.

### 2. Sandy Zara, Vickie Delise, Darrel Carbo, Theresa Carbo, Christian Reine

Bauer filed suit against several of his family members. First, he sued his sister because he contends that it was she, not he, that was guilty of the heroin possession, which he was convicted of. He alleges that his sister also retained a lawyer to represent him, promised to admit to possessing the drugs herself, but instead allowed him to take the fall. He alleges that the lawyer she retained "scapegoated" him causing him to receive a ten year sentence. He further alleges that Sandy Zara, along with her boyfriend, bullied Bauer into transferring custody of his daughter to them for money.

He also seeks to sue his mother, because she came to his hospital bed and took "thousands of [his] dollars" which she claims to have been owed by him. He alleges that his mom and sister felt that if he were out of the way they might be able to get custody of his daughter.

Bauer also seeks to sue the Carbos, who seemingly have custody of his daughter, and according to Bauer, kidnapped her from his mother Vickie Delise's home during Christmas 2019. Bauer concedes that he then went to their home on Christmas day and broke a camera.

Neither his sister, mother, mother-in-law, father-in-law, or Theresa's friend, Reine, are state officials. The acts which Bauer complains of are all acts initiated by his family members and not the state. Further, Bauer does not contend that the deprivation was caused by some right or privilege created by the state, conduct imposed by the state, or a person from whom the State is responsible. Therefore, the claims against Sandy Zara Bauer or Boudreaux, Vickie Delise or Victorine Delise Bauer, Darrel Carbo, Theresa Carbo and Christian Reine should be dismissed because they are not private persons within the meaning of § 1983.

### 3. DCFS employees

Next, Bauer names several employees of DCFS. He alleges that he named them because he told each of them that he was being blackmailed and extorted. He further alleges that he told them that he did not trust his mother or sister, but they provided them his address. He does not specifically identify which employee provided his address to his mom, sister, Lester Hamlin, Craig Miller, or Katina Price. Even if he had identified the employee, he does not allege that the act of doing so is against state law.

Nevertheless, while he has named these individuals as parties, and they are employed by the state, he complains only that they provide his address. He does not complain about a rule of conduct imposed by the state. While he seemingly complains that his custody rights were removed, he does not allege any wrongdoing on their part. It should be noted that he is currently incarcerated in Jefferson Parish Correctional Center. The Court finds that Tonny Bauer does not state a claim against DCFS employees Lester Hamlin, Craig Miller, or Katina Price, and therefore, the claims against them should be dismissed.

## IV. Recommendation

It is therefore **RECOMMENDED** that Bauer's § 1983 claims against Philip Gattuso, Darrel Carbo, Theresa Carbo, Christian Reine, Sandy Zara Bauer or Boudreaux, Vickie Delise Bauer, David Motter, DCFS Employees Lester Hamlin, Craig Miller, and Katina Price be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[7]

        New Orleans, Louisiana, this 6th day of January 2023.

        KAREN WELLS ROBY
        UNITED STATES MAGISTRATE JUDGE

---

[7] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.